U.S. Attorney General and Michael E. Horowitz, U.S. Inspector General. Mr. Ojaie, amicus curiae partia valens. Mr. Dreyer, partia valens. Counsel for Cohen. Thank you, Your Honor. Erica Hashimoto, as court appointed amicus. In this case, with the court's permission, Odunayo Ojaie, a third-year law student at the Georgetown Law Center, will be presenting argument on behalf of amicus. May it please the court. Rule 4A-6 was promulgated for situations like this. Mr. Ladeairous did not receive the district court's order until 69 days after it was entered. Shortly after he received the order, he sought to appeal it, but filed an incomplete Rule 4A-6 motion to reopen. Once he was on notice that his motion to reopen was incomplete, he supplemented it with additional information as to why he qualified for Rule 4A-6. This court should construe his documents as a timely file of Rule 4A-6 motion to reopen, because when applying the doctrine of contemporaneous filings, Mr. Ladeairous' motion to reopen was timely. When you say an incomplete motion to reopen, you're referring to the notice of appeal. Correct, Your Honor. It's a pretty expansive notion, what a motion to reopen is. No, Your Honor. The reason it's an incomplete motion to reopen is because it did not specify that Mr. Ladeairous did not receive the district court's order within 21 days of it being entered. On the 9th and the 11th circuits, when a notice of appeal included those reasons, they were construed as a timely and complete motion to reopen. And so, too, are they here. Mr. Ladeairous' notice of appeal, with the response to the order to show cause, are a timely and complete Rule 4A-6 motion to reopen. And this court should consider the information that he provided in his response to the order to show cause because of the Supreme Court's longstanding history of considering contemporaneous documents to per imperfections of form. In Fomen, the Supreme Court allowed an untimely notice of appeal and a timely notice of appeal to determine that the appellant had sought relief of both the underlying motion for the underlying denial of the motion to vacate, as well as the order that the appellant had sought review of. And this court should do the same here and consider the untimely, the timely notice of appeal with the response of the order to show cause that was filed outside of time. And this court should apply the doctrine of contemporaneous filings to Rule 4A-6 because when this court applied the doctrine to Rule 15, Rule 15 did not have a provision in it that stated an appeal should not be dismissed for informality of form. Nonetheless, this court applied the doctrine to Rule 15 and allowed a variety of contemporaneous documents. This case falls comfortably within the precedents set in Sinclair. In Sinclair, experience counsel failed to satisfy the requirements of Rule 15A, which are jurisdictional, but this court allowed a contemporaneous document to satisfy those requirements. Why is a document filed 39 days late contemporaneous in the context of a rule whose entire time horizon is 14 days? The document is contemporaneous because in this court, in small business and telecom, this court defines contemporaneous as at or near the same time. And in Sinclair, 34 days was contemporaneous. Yeah, but 39 versus 34 is helpful to you. But, I mean, neither of those sounds hugely contemporaneous to me. We're talking about at least a month. And one difference between Sinclair and here is the underlying time period in Sinclair was 60 days. You're 34 days late relative to a 60-day period. Here, you're 39 days late relative to even if everything goes perfectly, you only get 14 extra days. Yes, Your Honor. However, in Sinclair, that document was still filed outside the time limitations for the petition for review. And in this case, when you apply the doctrine of contemporaneous filings to Rule 4A6, the incomplete motion to reopen was still filed within 14 days of receiving the district court's order. And so when the doctrine of contemporaneous filings is applied, May 17th is the governing date of the motion to reopen because the information in the response in order to show pause is only meant to supplement the information in the incomplete motion to reopen. Sorry, walk me through that. How do you get 14 days on this timeline? Mr. Lederer received the district court's order on May 4th, 2021, and he submitted his notice of appeal, which was an incomplete Rule 4A6 motion to reopen on May 17th, 2021. And so because that was filed within the time limitations of Rule 4A6, even though it was incomplete, when the doctrine of contemporaneous filings is applied, May 17th is the governing date of the motion to reopen. And the governing location of the motion to reopen is the district court. It's the document that cures the defects that has to be contemporaneously filed, right? That's the response to the order to show pause. Yes. And this court should consider the information in the response to the order to show pause because when this court applied the doctrine to Rule 15, the provision in it did not state that an appeal should not be dismissed for informality of the court. Nonetheless, this court applied it, and so too should they do the same in the context of Rule 4A6. And when you look at the substance of the documents that were contemporary of the motion to reopen, they are satisfied the requirements of Rule 4A6 because they allege and they assert that he did not receive the district court's order within 21 days. And he also provides proof of not receiving it, but the stamp of the district court's order being set for May 4th, 2021. And the Supreme Court has emphasized an elevation of substance over form. And so because these documents together are the functional equivalent of a Rule 4A6 motion to reopen, that substance should be elevated over the form that the documents came in. And the form is also not dispositive because the courts of appeal agree that a Rule 4A6 motion does not need to be formal. And so because Mr. Ladera has included the information, this court can consider the documents as a timely and complete Rule 4A6 motion to reopen. And the documents together satisfy the requirements of Federal Rules of Civil Procedure 7B1. Because they are in writing, they state the grounds for relief, and they ask this court to not dismiss his appeal. And this court also has the discretion to forward his documents, and so this court should. Because it is unjust when an appellant who did not receive the district court's order filed a subsequent document in the wrong court. It would be unjust not for this court to forward that motion when Mr. Ladera asserts that he did not receive the district court's order within 21 days of entry and includes that information. How would you define an incomplete motion as a general motion? An incomplete motion to reopen would not include that the appellant did not receive the district court's order within 21 days of entry. What about just even more generally, not even in the context of an incomplete motion? Is an incomplete motion a term that you're using and think applies? Your Honor, for a Rule 4A6 motion, in order for it to be complete, it would need to have been submitted and include the information that he did not receive the district court's order within 21 days. And so because that information is missing, that is what would make the motion to reopen incomplete. And in conclusion, this court should construe his documents as a timely file Rule 4A6 motion to reopen. If there are no further questions, I would like to reserve the rest of my time. Thank you. So, counsel, 4A please. Good morning. May it please the court. Douglas Dreyer on behalf of the Attorney General and Inspector General. The heart of this case is that Mr. Ledares filed an appeal more than six days after entry of judgment and did not timely file either a Rule 4A5 motion for extension or a Rule 4A6 motion to reopen. Mr. Ledares admits as much on page 17 of his opening brief and on page 4 of his reply brief. Now we are here on an abuse of discretion standard, asking whether the district court abused its discretion in failing to rule on a motion never filed. As Mr. Ledares failed to comply with the rules and with 28 U.S.C. 2107, the court should dismiss this untimely appeal for lack of jurisdiction. Well, I mean, we're here on a legal question, whether the original filing the notice of appeal is close enough to a 4A6 and whether the curing document, the response to the order to show cause, is good enough and was filed soon enough. Right. Those are legal questions. Yes, but if there was a Rule 4A5 or 4A6 motion, then the district court's order would have been ruled on based on abuse of discretion. And here there is no dispute. My friend agrees. Sure, but I mean, that's we haven't reached that point. But there is no dispute that a bare notice of appeal is insufficient to constitute a Rule 4A6 motion to reopen or a Rule 4A5 motion for extension. And the sole question is whether a response to a show cause order that was filed in a different court on June 23rd, well after his deadline to file either such motion, could be treated as a motion to the district court when it was the response. If there are no further questions, I think the court may ask for a dismissal. Thank you, Your Honors. The government wrongly says that this is a bare notice of appeal. This does not fall within any of the cases that are a bare notice of appeal, which would be not a motion to reopen. This is a situation in which the notice of appeal was supplemented with additional information as to why he qualified for Rule 4A6. Any precedent that was set on a bare notice of appeal does not apply here, especially because a notice of appeal does not need to be formal. All that it has to do is allege—sorry, a motion to reopen does not need to be formal. All that it has to do is allege that the appellant did not receive the district court's order, and that is what Ms. Solidari said. He told this court that he did not receive the district court's order. I mean, it has to ask the district court for more time. And it has to show lack of prejudice on the other side. I mean, there are elements to this rule, and there is a court in which it has to be filed. And the order to show cause response doesn't tick off those elements, doesn't tick off any of that. It just asks for an equitable extension of the 60-day period, which we might like to do, but we know from polls that we can't. Your Honor, this is not an equitable exception because when this court applied the doctrine of contemporaneous— The order to show cause opposition says, consider my appeal timely because I didn't get notice in time. Yes, Your Honor, but he also states that he did not receive the district court's order, and that is enough for a Rule 486 motion to reopen because he did not receive it. And no particular words are necessary for a motion under Rule 486, but alleging that is sufficient. And although Mr. Solidari did not include that the government would not be prejudiced, the government has yet to offer a reason as to why they would be prejudiced. And having to appeal the case or to go through the motion—go through the case would not be a reason to allege prejudice. And on your note of the district court, this court has a discretion to forward it to the district court to put the district court on notice, and it should exercise this discretion. Could I ask you whether or not you're familiar or not with the district court's pro se procedures? No, Your Honor, I'm not familiar. Thank you.
judges: Rogers, Katsas, Walker